# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# - CORPUS CHRISTI DIVISION -

| | | |
|---|---|---|
| MELISSA MORENO | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| SUPERIOR HEALTHPLAN, INC., AND CENTENE COMPANY OF TEXAS, L.P. | § § § § | (JURY DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Melissa Moreno individually brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### A. NATURE OF SUIT.

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Employees whose jobs are governed by the FLSA are either "exempt" or "nonexempt." Nonexempt employees are entitled to overtime pay. Exempt employees are not. Specifically, Plaintiff was misclassified as an "exempt" employee, and as a

result, Defendants failed to pay Plaintiff at one and one-half times her regular rate of pay for hours worked in a workweek in excess of 40 hours.

## B. PARTIES.

3. Plaintiff Melissa Moreno was employed by Defendants within the meaning of the FLSA. She is a resident of Falfurrias, Texas. Plaintiff's written consent to become a party plaintiff is attached as Exhibit "A."

4. Defendant Superior Healthplan, Inc. ("Superior") is a Texas Corporation. Superior Healthplan, Inc.'s registered agent for service of process is as follows:

> CT Corporation Systems
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

5. Defendant Centene Company of Texas, L.P. ("Centene") is a Texas limited partnership. It is a subsidiary of Centene Corporation, a company that administers government-sponsored health insurance plans and benefits for the benefit of under-insured and uninsured individuals. Centene's registered agent for service of process is as follows:

> CT Corporation Systems
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201-3136

## C. JURISDICTION AND VENUE.

6. Venue of this action is proper in this District and division because Defendants are subject to its personal jurisdiction. Venue exists in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district and division. Plaintiff worked for Defendants from her home in Falfurrias, Texas.

7. Defendants also carries on substantial business in the District and has sufficient

minimum contacts with this state to be subject to this Court's jurisdiction.

8.  This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

### D. COVERAGE.

9.  At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of the Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

14. At all times material, Defendants have business operations in Texas and its annual gross volume of sales, individually, collectively, made or business done exceeds $500,000.00 per year.

## E. FACTUAL ALLEGATIONS.

15. Plaintiff worked for Defendants out of her home in Falfurrias.

16. Plaintiff worked as a Service Coordinator II for Defendants within the past three years.

17. As a Service Coordinator II since 2013, Plaintiff's job responsibilities consisted of taking phone calls, making in-home visits and assisting persons with questionnaires to determine eligibility, inputting data from the questionnaires into automated system, and collecting medical authorizations among other things. Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

18. At all times during her employment, Plaintiff was not properly paid overtime despite working over 40 hours per week. She was erroneously treated as an exempt employee for purposes of the FLSA, was paid a salary for her work, and was not rightfully paid one-and-one-half times her regular rate of pay for hours worked in excess of 40 hours in a work week.

19. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and other employees. Defendants willfully misclassified Plaintiff as exempt and refused to pay her overtime.

20. Defendants have been aware or should have been aware, that Plaintiff performed non-exempt work that required overtime compensation.

21. Plaintiff has retained Ruiz Law Firm, P.L.L.C. to represent her in this litigation and has agreed to assign/pay a reasonable attorney's fee for its services.

# F. CAUSES OF ACTION:
## Failure to Pay Wages in Accordance with the Fair Labor Standards Act.

22. Each and every allegation contained in the foregoing paragraphs 1-20, inclusive, is re-alleged as if fully rewritten here.

23. During the relevant time period, Defendants violated the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. § § 206, 07 and 215 (a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as a foresaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

24. Defendants owe Plaintiff the difference between the rates actually paid and the proper overtime rates as unpaid or underpaid overtime wages.

25. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff. By failing to pay Plaintiff its overtime compensation at one-and-one-half times their regular rates, Defendants continuously violated the FLSA's overtime provisions. 29 U.S.C. § 207(a)(1).

26. Defendants did not act in good faith and/or have reasonable grounds for a belief that its actions did not violate the FLSA nor did it act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; (d) the Code of Federal Regulations; or (e) past FLSA litigation.

27. Because Defendants' pay practices knowingly, willfully and/or recklessly violated the FLSA, Defendants owe these past wages.

28. Defendants' willfulness is exhibited by its actions in classifying other non-exempt employees who were rightfully exempt employees as non-exempt employees. Defendants are aware of the requirements of the FLSA but refused to apply such requirements to Plaintiff and, based upon reasonable belief, did the same to other employees.

29. Plaintiff does not seek to certify a class action nor does she attempt to form or be a part of a collective action.

### G. JURY DEMAND.

30. Plaintiff demands a trial by jury herein.

### H. RELIEF SOUGHT.

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she recover from Defendants, the following:

    a. judgement against Defendants for all unpaid and/or underpaid overtime compensation, liquidated damages, attorney's fees and costs under the FLSA;

    b. judgment against Defendants for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    c. all such other relief as to which Plaintiff may show herself to be justly entitled to receive.

Respectfully submitted,

**RUIZ LAW FIRM, P.L.L.C.**
118 W. Pecan
McAllen, Texas 78501
Telephone: (956) 259-8200
Telecopier: (956) 259-8203

_____
Mauro F. Ruiz
State Bar No. 24007960
e-File ONLY: admin@mruizlaw.com
mruiz@mruizlaw.com
**ATTORNEY FOR PLAINTIFF**